UNITED STATES BANKRUPTCY COURT  **FOR PUBLICATION**
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :     Chapter 13
In re:                                             :
                                                  :     Case No. 08-35230 (cgm)
      JESSE A. TOMPKINS and             :
      SONJA I. TOMPKINS,                 :
                                                  :
                           Debtors.    :
                                                  :
-------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER (1) EXPUNGING CLAIM OF
AMERICREDIT FINANCIAL SERVICES, INC. AND
(2) OVERRULING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Debtors filed the above-captioned Chapter 13 case on February 11, 2008. On March 18, 2008, AmeriCredit Financial Services, Inc. as successor in interest to Long Beach Acceptance Corp. ("AmeriCredit" or "ACFS"), filed a proof of claim in this case. Hereafter, AmeriCredit's proof of claim, as amended June 11, 2008, is referred to as "Claim No. 4."[1] Pursuant to Claim No. 4, AmeriCredit asserts that it is a secured creditor based upon a perfected, purchase-money security interest in a 2006 Chevrolet Impala automobile (the "Impala").

The Debtors' First Amended Chapter 13 Plan, filed February 26, 2008 (Docket No. 7; hereafter, the "Plan"), proposed the following:

> Current secured payments to be made by the debtor(s) directly to claimant except the claim of **AMERICREDIT**, as the debtor [sic] has surrendered the 2006 Chevrolet Impala, in full satisfaction of the debt pursuant to 11 U.S.C. § 506 and 11 U.S.C. § 1325.

This Court has previously approved such provisions, over secured creditors' objections, for the reasons set forth at length by the Court in *In re Pinti*, 363 B.R. 369 (Bankr. S.D.N.Y. 2007).

---

[1] The Court's Claims Register reflects that on June 11, 2008 AmeriCredit filed an amendment to Claim No. 4, identified as Claim No. 4-2, and also filed a proof of claim identified as Claim No. 18. Claim No. 4-2 and Claim No. 18 appear to be identical, each asserting an unsecured claim of $15,373.92, the deficiency after the Impala was sold at auction for $6,800.

**The Objection to Claim**

On June 23, 2008, the Debtors filed an objection to Claim No. 4 (Docket No. 17; hereafter, the "Objection to Claim"). In the Objection to Claim, Debtors seek to expunge Claim No. 4 because the Impala "is a 910 Vehicle," as that term is used in *Pinti* and other cases; thus, the Debtors proposed to surrender the Impala "in full satisfaction of the sums due and owing thereon," pursuant to 11 U.S.C. § 1325(a)(5)(C), including the "hanging paragraph" following Section 1325(a)(9), and this Court's interpretation of those provisions in *Pinti*.

On July 31, 2008, AmeriCredit filed a two-page response to the Objection to Claim (Docket No. 22; hereafter, the "Response"). The Response offered the following argument:

> ACFS asserts that the debtors may not propose to surrender the collateral in full satisfaction of ACFS' claim and asserts that its unsecured deficiency claim reflected through the filing of claims no. 4 and no. 18 must be allowed. Since this Court's decision in In Re Pinti, numerous Circuit Courts have upheld the creditor's right to file a claim for a remaining deficiency subsequent to sale of collateral. These decisions do not rely upon any specific state statute but rather on analysis of the amendments to the bankruptcy code with regard to its purposes in distribution to unsecured creditors in the case. See Capital One Auto Finance v. Osborn, 515 F.3d 817 (8th Cir. 2008); Wright v. Santander Consumer USA Inc., 492 F. 3d 829 (7th Cir. 2007); In re: Long, [519 F.3d 288 (6th Cir. 2008)].
>
> Based on the recent cases referenced hereinabove and the fact that appeal of the Pinti decision has been rendered moot,[2] creditor request [sic] that this Court allow the unsecured claim for the deficiency that remained subsequent to sale of its collateral.

The Response made no attempt to distinguish *Pinti* from the instant case and engaged in no discussion of the cases cited. The Response did not indicate that the cases were discussed at length in a separate memorandum of law that AmeriCredit filed in connection with AmeriCredit's Objection to Confirmation (discussed below). AmeriCredit's counsel also failed

---

[2] The appeal in *Pinti* was rendered moot because the debtor converted his case to Chapter 7 in January 2008. Order at 58, No. 06-35230 (Bankr. S.D.N.Y. Jan. 4, 2008). Thereafter, the debtor and appellant stipulated to dismissal of the appeal as moot, and the stipulation was so-ordered by District Judge Stephen C. Robinson on August 4, 2008. *Id.* at 69.

- 2 -

to mention the memorandum of law at the August 5, 2008 hearing upon the Objection to Claim. Thus, the Court granted the Objection to Claim, declining to reconsider *Pinti* based solely upon AmeriCredit's statement that other courts, in other circuits, have held differently.

**The Objection to Confirmation**

On April 11, 2008, AmeriCredit filed an objection to confirmation of the Plan (Docket No. 20; the "Objection to Confirmation"). The Objection to Confirmation included the same two-paragraph argument contained in the Response, but also included a 14-page Memorandum of Law (Docket No. 21) in support of the argument. On June 23, 2008, the Debtors filed a response to the Objection to Confirmation (Docket No. 18), arguing: "To date, Pinti is still good law in the Southern District of New York, and permits a debtor to surrender a 910 vehicle in full satisfaction of the debt based upon the hanging paragraph of 11 U.S.C. § 1325."

The Court has now reviewed AmeriCredit's Memorandum of Law in support of the Objection to Confirmation, including each of the cases cited in the Memorandum of Law. The Court stands by the holding and reasoning expressed in *Pinti*.

In the Memorandum of Law, AmeriCredit cites circuit court decisions issued after *Pinti*, including: *Tidewater Fin. Co. v. Kenney*, 531 F.3d 312 (4th Cir. 2008); *In re Long*, 519 F.3d 288 (6th Cir.); *In re Wright*, 492 F.3d 829 (7th Cir. 2007); *Capital One Auto Fin. v. Osborn*, 515 F.3d 817 (8th Cir. 2008); and *In re Ballard*, 526 F.3d 634 (10th Cir. 2008). As AmeriCredit notes, all of the circuit court decisions "reached their conclusion that the right to assert an unsecured deficiency claim is protected by reviewing the plain language of the statute." Memorandum of Law, p. 7. In *Pinti*, this Court also held that the "hanging paragraph" was unambiguous and interpreted the plain language. 363 B.R. at 377-378. As the Tenth Circuit noted in *Ballard*: "Although courts agree that the hanging paragraph now prevents the application of [Bankruptcy

- 3 -

Code Section 506] to 910 car claims under § 1325(a)(5), they have reached different conclusions concerning the effect of this change on cases involving the surrender of a 910 vehicle." 526 F.3d 638.  The disagreement is over the following question, as phrased by the Seventh Circuit in *Wright*: "[W]hat happens when, as a result of the hanging paragraph, § 506 vanishes from the picture[?]" 492 F.3d at 830.  *Kenney*, the most recent circuit decision, asks "whether a 910 creditor nevertheless has recourse against the debtor, under another body of law, for the remainder of the debt owed[?]" 531 F.3d at 318.  *Kenney* agreed with the other circuits, that "by surrendering [a] 910 vehicle, the parties are left to their contractual rights and obligations, and the creditor may pursue an unsecured deficiency claim under state law." *Id.*

With complete respect for these circuits and their interpretation as to the effect of the "hanging paragraph" on a 910 creditor's ability to seek an unsecured deficiency claim, this Court's opinion differs.  This Court's decision in *Pinti* addressed and rejected arguments that the right to an unsecured deficiency claim is determined by state law, as opposed to the Bankruptcy Code. 363 B.R. at 378-381.  Although other courts have disagreed, they have done so based upon arguments that this Court considered and rejected in *Pinti*.

The only arguably new consideration is the Supreme Court's decision in *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) (No. 05-1429), upon which, according to AmeriCredit, the circuit courts "relied heavily." Memorandum of Law, p. 3.  In *Travelers*, the Supreme Court rejected a rule of the lower court's creation, that contractual attorney's fees should be disallowed to the extent they were incurred while litigating issues of bankruptcy law, as opposed to contractual enforcement issues. 127 S.Ct. at 1205.  The rule had no textual support in Section 502 of the Bankruptcy Code. *Id.* at 1205-1206.  In discussing Bankruptcy Code Section 502, the Court held that a proof of claim shall be allowed

- 4 -

under that section unless the claim, or a portion of it, falls within the nine exceptions enumerated in Section 502(b). *Id.* at 1204. The *Travelers* case was not decided in the context of an objection to the confirmation of a Chapter 13 plan, and does not discuss Section 506 or the "hanging paragraph" at the end of Section 1325(a). AmeriCredit and the circuit court cases cite *Travelers* for its general discussion of "the settled principle that '[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, **subject to any qualifying or contrary provisions of the Bankruptcy Code**.'" *Id.* at 1204-1205 (quoting *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000)) (emphasis added). *Travelers* also recites the "basic federal rule" in bankruptcy, that "state law governs the substance of claims," and that Congress "generally" left the determination of property rights in bankruptcy assets to state law. *Id.* at 1205 (citations and quotations omitted). For this principle, the Supreme Court quoted from its decision in *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), which states:

> Property interests are created and defined by state law. **Unless some federal interest requires a different result**, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

(emphasis added). This Court was aware of the general principles reiterated in *Travelers* at the time the *Pinti* decision was issued; in fact, the Supreme Court's decision in *Butner* is cited and discussed in *Pinti*. *See* 363 B.R. at 379. The holding in *Pinti* is not a rule of this Court's own creation, which was the basis for reversal in *Travelers*. Nor does this Court analyze AmeriCredit's rights in a manner different from its rights under state law "simply because an interested party is involved in a bankruptcy proceeding." In *Pinti*, this Court interpreted a provision in the Bankruptcy Code that appears (as the Fourth, Sixth, Seventh, Eighth and Tenth

Circuits agree) to be unambiguous.  In this Court's view, the "hanging paragraph" appears to be a "qualifying or contrary provision" to the general principles set forth in *Travelers* and *Butner*.

Finally, AmeriCredit argues that the holding in *Pinti* and similar cases raise "serious Constitutional issues." *Pinti* addressed similar Fifth Amendment arguments. *See* 363 B.R. at 387.  A district court recently rejected a 910 creditor's argument that denying a deficiency claim raised "serious constitutional issues under the Fifth Amendment." *In re Carter*, 2008 WL 410275 at *3 n. 7 (Bankr. M.D. Ga. Feb. 11, 2008).  The district court responded: "Since bankruptcy laws have long been construed to authorize the impairment of contractual obligations, the court is satisfied that a bankruptcy court may determine and limit the value of a secured creditor's claim without running afoul of the Fifth Amendment." *Id.* (citations and internal quotations omitted).

Upon the foregoing, and upon the record of the August 5, 2008 and August 12, 2008 hearings, it is hereby

**ORDERED,** that Claim No. 4 is expunged; and it is further

**ORDERED,** that AmeriCredit's Objection to Confirmation is overruled.

Dated: Poughkeepsie, New York
August 13, 2008

    /s/ Cecelia Morris
CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE